# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of DONALD B. MURPHY CONTRACTORS, INC., a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation (Bond No. 041-SB-105826131); TRAVELERS INDEMNITY COMPANY, a Connecticut corporation (Bond No. 041-SB-105826131); and KIEWITPHELPS, A Joint Venture,<br><br>　　　　　　Defendants. | 8:15CV48<br><br>PROTECTIVE ORDER |
| KIEWITPHELPS, A Joint Venture,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>TREVIICOS SOUTH, INC., a Delaware corporation,<br><br>　　　　　　Third-Party Defendant Counterclaimant and Cross-Claimant, | |
| TREVIICOS SOUTH, INC., a Delaware corporation,<br><br>　　　　　　Fourth-Party Plaintiff,<br><br>　　v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　　　Fourth-Party Defendant. | |

1.     This Order shall apply to all manner and means of discovery, including inspection of books, records, magnetic or electronic media, documents and things, and all manner of written and oral discovery.  Nothing in this Order modifies or changes the obligations of DONALD B. MURPHY CONTRACTORS, INC., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and TRAVELERS INDEMNITY COMPANY, KiewitPhelps, TREVIICOS SOUTH, INC., and LIBERTY MUTUAL INSURANCE COMPANY (collectively, the Parties) to otherwise comply with all information control obligations imposed on the Project by regulation, statute or contract.

2.     <u>Sensitive But Unclassified Information</u>:  The Parties are subject to document security requirements that apply to all information relating to the USSTRATCOM Replacement Facility Project (Project), including Project records and documents.  The document security requirements for the Project designate all project records as Sensitive But Unclassified (SBU) information, including Controlled Unclassified Information (CUI) and For Official Use Only (FOUO) information.  SBU information is information, including documents, that the loss of, misuse of, or unauthorized access to or modification of could adversely affect the national interest, and is intended to be kept out of the public domain.  The document security requirements for the Project restrict access to Project information, including documents and impose requirements for how documents, including electronic documents, are secured, maintained and disposed of.  The document security compliance requirements apply to documents produced in this litigation, including the handling of documents at hearings and at trial, and the disposition of documents at the conclusion of the litigation. The Parties at all times in the course of the litigation shall continue to comply with the Project information security requirements, including direction from USACE, as may be received from time to time.  At a minimum, the Parties shall:

   a)    Require that all persons gaining access to the documents sign a Non-Disclosure Agreement (NDA) in form satisfactory to USACE and deliver the executed NDA to counsel for KiewitPhelps before access to the documents is provided.

   b)    Secure all project documents and records produced in the litigation, including deposition transcripts and exhibits.

      c)      Store hard copies of documents and records in a locked container or secured area.

      d)      Store electronic documents and records on a designated, separate and secure hard drive and/or in a secure online litigation management database that can meet the requirements of Paragraph v. below.

      e)      At the conclusion of the litigation shred all hard copies of documents and certify in writing to USACE that all designated hard drives have been cleansed and wiped clean twice.

All document requests for Project records by any party in this litigation are subject to review by USACE. Documents designated by USACE, in its sole discretion, as potentially helpful to intelligence agents or terrorists in compromising the security of the Project buildings or planning an attack on the Project buildings shall only be presented *in camera* at any court proceeding or hearing and shall be filed under RESTRCITED ACCESS.

All SBU information, including CUI and FUOU information, shall be CONFIDENTIAL INFORMATION under Paragraph 3, below.

     3.     <u>CONFIDENTIAL Information</u>. In addition to the requirements of Paragraph 2, the Parties agree that the following types of documents shall be considered CONFIDENTIAL to the extent that the producing party has a reasonable basis to believe the document constitutes or reflects:

      a)   confidential research, development or commercial information, including non-public financial information and/or non-public information related to corporate strategy, for example, and without limitation, documents relating to subcontracting strategy and the disposition of subcontractor employees;

      b)   personal information about an individual, including employment and financial information;

      c)   other information protected by an individual's right of privacy;

      d)   confidential financial information;

      e)   information deemed confidential or non-public by a regulatory body;

      f)   information otherwise protected by law from disclosure; and/or,

g) any other information with respect to which there is any other reasonable need for confidentiality.

The party that is producing such documents shall designate such documents as "CONFIDENTIAL" at the time of production, subject to the right to make a subsequent (i.e., post-production) designation as set forth herein.

4. <u>HIGHLY CONFIDENTIAL Information</u>. The following types of documents shall be considered HIGHLY CONFIDENTIAL to the extent that the producing party has a reasonable basis to believe the document constitutes or reflects highly sensitive and/or proprietary and non-public information, including trade secrets, that, if disclosed (whether to business competitors or others), would have the potential to seriously harm the personal privacy or business interests of the Designating Party, or a non-party, to this action. The party that is producing such documents shall designate such documents as "HIGHLY CONFIDENTIAL" at the time of production, subject to the right to make a subsequent (i.e., post-production) designation as set forth herein.

5. "<u>Protected Information</u>."  Information designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is hereinafter referred to collectively as "Protected Information."

6. <u>Labeling</u>. All Protected Information shall be clearly labeled by the Designating Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time that such Protected Information is produced. Any copies made of Protected Information shall include the confidentiality label. Any document that is designated as SBU, CUI, or FOUO shall remain CONFIDENTIAL INFORMATION regardless of whether it is so labeled, and the inadvertent failure to label the document shall not affect its CONFIDENTIAL status. During any deposition or other transcribed proceeding, or for the period 30 days after such deposition or proceeding, any party may designate any portion of the transcript and accompanying materials (i.e., deposition exhibits) as Protected Information. In case of Protected Information stored on computers or otherwise in electronic format, the CD, DVD or other device containing such information shall either be labeled by the Designating Party as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL," or be so described in a letter to counsel for all Parties receiving such materials.

7. <u>Inadvertent failure to designate</u>. If a producing party inadvertently fails to stamp or otherwise properly designate documents or other material upon their production, it may designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by giving written notice to all Parties that the material is to be so designated. All Parties shall then stamp or otherwise mark the designated material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as described above. Upon written notice of a belated designation, the party receiving the belated designation shall take reasonable efforts to retrieve Protected Information from persons not authorized to review this material under this Order. Upon request, the party retrieving the Protected Information shall provide to the other party evidence of its efforts to do so. In no case, however, shall a party or any recipient, who used or disclosed the belatedly designated material, prior to actual notice of the belated designation, incur any liability, penalty or sanction on account of such use or disclosure.

8. <u>Derivative Materials</u>. All subsequently-created derivative documents such as summaries, charts, and notes ("Derivative Materials") that contain or discuss Protected Information in a manner that discloses the content of the Protected Information shall be protected and governed by this Stipulation and Order to the same extent and on the same basis as the underlying Protected Information itself.

9. <u>Redactions</u>. The right under this Order to designate information and documents as Protected Information shall not limit the right, where applicable, of any party to redact information from documents produced for inspection or trial in this action in accordance with applicable protections afforded under Nebraska law.

10. <u>Privilege log</u>. A party making redactions in accordance with this Order must: (1) indicate on the redacted documents where redactions have been made; and, (2) provide a redaction log similar in form and substance to a privilege log, containing sufficient information as to the nature of the redacted matter and the reasons for the redactions to enable the Court to determine the propriety of the redactions.

11. <u>Challenging a designation</u>. The Parties expressly reserve the right to challenge, at any time, the Protected Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by motion to the Court but may do so only after meeting to try and resolve the disagreement.

12. <u>Limited use</u>.  Except as otherwise ordered by the Court or agreed by the Parties in writing, Protected Information shall not be used for any purpose other than pleadings, discovery, motions, briefs, trial and preparation for trial, appellate proceedings, and any settlement or mediation proceedings in the above-captioned case, Cause No. 8:15-CV-48 (the "Litigation").

13. <u>Authorized persons with respect to "CONFIDENTIAL" Information</u>.  Except as otherwise ordered by the Court or agreed by the Parties in writing, disclosure of testimony, documents and information designated as "CONFIDENTIAL" and associated Derivative Materials, shall be restricted to the following persons:

   a) The Parties, their agents, auditors, insurers, employees, officers, directors, shareholders, affiliates, and attorneys, not counsel of record, who have a legitimate need to review the information;

   b) Counsel of record for the Parties in this Litigation, and their employees, paralegals, and other secretarial and support personnel working under counsel's supervision;

   c) Judges, law clerks and other personnel of the Court before which this Litigation is pending;

   d) The trier of fact;

   e) Mediators or special masters attempting to assist in resolving or adjudicating all or any portions of this Litigation provided that the mediators or special masters are appointed by the Court or all Parties agree in writing that the mediators or special masters may serve in that capacity;

   f) Stenographic reporters and videographers at depositions and other proceedings in this Litigation;

   g) Independent Experts or Consultants who are retained or employed by any of the Parties or their counsel in connection with the Litigation, and who have a legitimate need to review such materials to perform their duties or tasks in connection with the Litigation; and

  h) Non-party witnesses in the Litigation only to the extent that such disclosure is reasonably required in connection with giving testimony in the Litigation.

 14. <u>Authorized persons with respect to "HIGHLY CONFIDENTIAL" Information</u>. Except as otherwise ordered by the Court or agreed by the Parties in writing in advance, disclosure of testimony, documents and information designated as "HIGHLY CONFIDENTIAL," and associated Derivative Materials, shall not accessible by the Parties, their agents, auditors, insurers, employees, officers, directors, shareholders, affiliates, and attorneys, not counsel of record. HIGHLY CONFIDENTAL Information shall be accessible by:

  a) Counsel of record for the Parties in this Litigation, and their employees, paralegals, and other secretarial and support personnel working under counsel's supervision;

  b) Judges, law clerks and other personnel of the Court before which this Litigation is pending;

  c) The trier of fact;

  d) Mediators or special masters attempting to assist in resolving or adjudicating all or any portions of this Litigation provided that the mediators or special masters are appointed by the Court or all Parties agree in writing that the mediators or special masters may serve in that capacity;

  e) Stenographic reporters and videographers at depositions and other proceedings in this Litigation;

  f) Independent Experts or Consultants who are retained or employed by any of the Parties or their counsel in connection with the Litigation, and who have a legitimate need to review such materials to perform their duties or tasks in connection with the Litigation; and

  g) Non-party witnesses in the Litigation only to the extent that such disclosure is reasonably required in connection with giving testimony in the Litigation.

15. <u>Independent Expert or Consultant</u>.  For purposes of this Protective Order, "Independent Expert or Consultant" means an expert or independent consultant or contractor who is not an employee of the Parties, and is retained solely for the purposes of advising and assisting counsel in the preparation for or trial of this action or retained to give expert testimony, and includes his or her support personnel to whom it is necessary to disclose Protected Information for the purposes of this action.

16. <u>Disclosure to persons involved in Litigation</u>.  Unless the Designating Party agrees otherwise, Protected Information and associated Derivative Materials may be disclosed to persons as limited in Paragraphs 13 and 14 only after such persons have signed a Non-Disclosure Agreement as referenced in Paragraph 2(i) and, only after such persons have been shown a copy of this Stipulation and Order and have agreed to be bound by its terms.

17. <u>Depositions</u>.  At the request of any party, the original and all copies of any deposition transcript and exhibits, in whole or in part, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL":

   a) At any time during the deposition, at the request of any party, the deposition transcript and exhibits or a portion thereof shall be marked by the reporter with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

   b) Any party may designate a deposition transcript and exhibits or a portion thereof with the appropriate "CONFIDENTIAL" or "Highly CONFIDENTIAL" designation within 30 days after first receiving a formal copy of the same transcript from the deposition reporter and informing all other Parties in writing.

18. <u>Right to withdraw</u>.  A Designating Party has the right to withdraw any designation it has made at any time, upon written notice to the other Parties.

19. <u>Use in open court</u>.  Should counsel for any party desire to use another party's Protected Information, or information identified as SBU information by the USACE, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use, inform the Parties of the intended use outside of the

presence of the jury (if any), and counsel for the Designating Party may at the time of such use request that any portion of the transcript containing such reference to Protected Information and any documents attached as exhibits containing Protected Information be filed under RESTRCITED ACCESS with this Court and be afforded treatment as Protected Information as provided by this Stipulation and Order. To the extent applicable, the Parties shall comply with the procedures and requirements of the applicable court rules for filing documents under RESTRCITED ACCESS or otherwise protecting court documents.

20.  **Filing under RESTRCITED ACCESS**. Any Party seeking to file Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," including all documents or transcripts designated as SBU information by USACE, shall comply with the requirements of all court rules to file the Protected Information under RESTRCITED ACCESS, pursuant NECivR 5.3, or under SEAL, pursuant to NECivR 7.5, if appropriate.

21.  **Reasonable precautions**. Each party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Protected Information and, upon unauthorized or inadvertent disclosure, take reasonable steps to retrieve and limit further disclosure of Protected Information.

22.  **Inadvertent disclosure/clawback**. The inadvertent disclosure of any privileged information, materials or other materials exempt from production by any party making production of information or materials in the course of this litigation shall not be deemed a waiver or impairment of any claim of privilege or exemption, including, but not limited to, the attorney-client privilege or work product doctrine, concerning any such information or materials or the subject matter thereof. A party shall promptly notify all other Parties if it determines that it has inadvertently disclosed or received privileged information or materials. Any party to whom such information or materials have been disclosed shall immediately return all copies of the information or materials and cooperate in the return of all copies of such material from any persons known to have possession of any such redesignated material. Nothing in this paragraph constitutes a waiver of any party's right to challenge a supplying party's claim of privilege for any reason, including the manner in which the material as to which privilege is claimed was

produced. Until such challenge has been resolved by order of the Court or by written agreement of the Parties, no party shall use or disseminate the subject materials in any manner inconsistent with supplying party's claim of privilege.

23. <u>Non-waiver</u>. A party is not deemed to have consented or agreed to the production of any document, testimony or information or to have waived any objection to the production or use of any document, testimony or information in this or other litigation or waived any applicable privilege or legal protection. The placing of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation on the face of a document produced shall have no effect on determining the authenticity or admissibility of that document at trial.

24. <u>Further measures</u>. This Order shall be without prejudice to the right of the Designating Party to present a motion to the Court for separate protective orders as to any Protected Information, including for restrictions differing from those as specified herein. Each party to this Agreement reserves the right to seek modification of this Order through negotiation with the other Parties or by motion to the Court.

25. <u>Upon final disposition</u>. At the conclusion of this action, whether the action be settled, otherwise resolved in full prior to trial, or tried on the merits, the obligations imposed by this Order shall remain in effect. All SBU information shall be treated as provided in Paragraph 2. All copies of Protected Information shall be returned to the Producing Party, deleted or destroyed upon request within 60 days, after which time, the Receiving Party shall provide written verification that the Receiving Party, along with its counsel, experts consultants, etc., no longer has in its possession any of the Producing Party's Protected Information. Nothing contained herein shall limit the right of counsel to keep Protected Information, except SBU information, for counsel's historical files and copies of such counsel's work product that contain Protected Information, provided that such material is appropriately marked as Protected Information and kept in a secure location not freely accessible to other firm employees. The termination of proceedings in this Litigation shall not relieve the Parties, their counsel, and others receiving Protected Information of the obligation to maintain the confidentiality of Protected Information produced and designated pursuant to this Stipulation and Order.

26. <u>Third party requests for production</u>.  If any party or counsel receiving Protected Information covered by this Stipulation and Order (a) is subpoenaed in another action, (b) is served with a demand or request in another action, or (c) is served with any other legal process by one not a party to the Litigation that seeks Protected Information produced or designated as such by some other party; the party receiving such subpoena, demand, or other legal process shall give written notice of such to the Designating Party within five (5) business days of receipt of such demand and, if requested to do so by the Designating Party, shall cooperate in maintaining the confidentiality of the information by asserting appropriate objections and facilitating the ability of the Designating Party to challenge the requested production.  Nothing herein, however, shall be construed as requiring the party that received such Protected Information to challenge or appeal any order requiring that it produce the Protected Information, or to subject itself to any penalties for noncompliance with any legal process or order.

27. <u>Disputes</u>.  The Parties will attempt in good faith to resolve between themselves any disagreements concerning the interpretation or application of this Protective Order.  In response to any violation of this Protective Order, the Court may enter sanctions pursuant to court rules.

28. <u>Jurisdiction</u>.  Upon conclusion of this Litigation, the Court shall continue to retain jurisdiction to enforce the terms of this Order.

**IT IS SO ORDERED.**

Dated this 8th day of September, 2015.

                                                  BY THE COURT:

                                                  s/ Thomas D. Thalken
                                                  United States Magistrate Judge