UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of DONALD B. MURPHY CONTRACTORS, INC., a Washington corporation,<br><br>        Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation (Bond No. 041-SB-105826131); TRAVELERS INDEMNITY COMPANY, a Connecticut corporation (Bond No. 041-SB-105826131); and KIEWITPHELPS, A Joint Venture,<br><br>        Defendants. | No. 8:15-CV-48<br><br>**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION** |
| KIEWITPHELPS, A Joint Venture,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>TREVIICOS SOUTH, INC., a Delaware corporation,<br><br>        Third-Party Defendant Counterclaimant and Cross-Claimant. | |
| TREVIICOS SOUTH, INC., a Delaware corporation,<br><br>        Fourth-Party Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Fourth-Party Defendant. | |

## STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION

The parties, DONALD B. MURPHY CONTRACTORS, INC., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and TRAVELERS INDEMNITY COMPANY, KIEWITPHELPS, TREVIICOS SOUTH, INC., and LIBERTY MUTUAL INSURANCE COMPANY (collectively, "the Parties"), by and through their respective counsel, have jointly stipulated to the terms of the Supplemental Protective Order Regarding the Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

### I. APPLICABILITY

1. This Order shall supplement the Protective Order (ECF No. 71) entered in this case on September 8, 2015 and shall apply to and govern all manner and means of discovery, including inspection of books, records, magnetic or electronic media, transcripts and/or videos, documents and things, declarations, and all other manner of written and oral discovery. Nothing in this Order modifies or changes the obligations of the parties to otherwise comply with all information control obligations imposed on the Project by regulation, statute, or contract.

### II. PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2. Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information, as well as the production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential

nature of any such information, as to the inadvertently produced document and any related material, in this action or in any other federal or state proceeding or action.

3. The producing party must notify the receiving parties promptly, in writing, upon discovery that a document containing potentially privileged information has been produced. Upon receiving written notice from the producing party that privileged and/or work product material has been produced, the receiving parties shall immediately return all copies of the information or materials and cooperate in the return of all copies of such material from any persons known to have possession of any such redesignated material. The receiving parties shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

4. Should any receiving party have reason to suspect that it has received a document containing potentially privileged information, the receiving party shall immediately quarantine all such material, refrain from viewing such material, and inform the producing party of its suspicion regarding possible receipt of potentially privileged information. To the extent reasonably possible, the receiving party shall use best efforts to notify the producing party of a suspected privileged document before substantively reviewing it.

5. Any receiving party may contest the privilege or work product designation set forth in the producing party's written notice regarding the inadvertently produced documents, and that receiving party shall give the producing party written notice of the reason for said disagreement. However, a receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the initial written notice by the producing party regarding the inadvertently produced documents, seek an Order from the Court

compelling the production of the material. If no such Order is sought, upon expiration of the fifteen (15) day period then all copies of the disputed document shall be returned in accordance with this Order.

6. Any written analyses, memoranda or notes which were internally generated based upon such inadvertently produced documents shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all electronic copies of such analyses, memoranda or notes in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

### III. ORDER OF PRECEDENCE

7. To the extent that any provisions of the Protective Order conflict with any provisions of this Stipulated Supplemental Protective Order Governing the Disclosure of Privileged Information, the provisions of the Stipulated Supplemental Protective Order Governing the Disclosure of Privileged Information shall control.

**STIPULATED AND AGREED TO on this 16th Day of December, 2015 by:**

By: /s/ David C. Groff
David C. Groff
*Counsel for KiewitPhelps, A Joint Venture, Travelers Casualty and Surety Company of America, and Travelers Indemnity Company*

By: /s/ John S. Riper
John S. Riper
*Counsel for Donald B. Murphy Contractors, Inc. and Liberty Mutual Insurance Company*

By: /s/ Scott D. Cessar
Scott D. Cessar
*Counsel for Treviicos South, Inc.*

**IT IS SO ORDERED.**

Dated this 17th day of December, 2015.

BY THE COURT:

Thomas D. Thalken
United States Magistrate Judge