IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF DONALD B. MURPHY CONTRACTORS, a Washington corporation;<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation (Bond No. 041-SB-105826131; TRAVELERS INDEMNITY COMPANY, a Connecticut corporation (Bond No. 041-SB-105826131; KIEWITPHELPS, a joint venture; and DRAKE-WILLIAMS STEEL, INC.,<br><br>Defendants. | 8:15CV48<br><br>ORDER |

This matter is before the Court on KiewitPhelps' ("KP") Motion to Compel Production of Documents. (Filing No. 183.) For the reasons set forth below, the motion will be granted, in part.

### BACKGROUND

This discovery dispute centers around the production of documents involving Plaintiff Donald B. Murphy Contractors' ("DBM") in-house attorney, Steven Stylos ("Stylos"). KP contends that Stylos was acting in his capacity as DBM's "risk manager," and not corporate counsel, during the construction project at issue in this litigation. Therefore, according to KP, Stylos' communications are not shielded from disclosure by the attorney-client privilege. Alternatively, KP argues that DMB has waived the attorney-client privilege and work-product protection by designating Stylos as an expert witness who will testify "to the basis for, explanation of, and his preparation of DBM's Request for Equitable Adjustment ("REA") as claimed by DBM in this case." (Filing No. 185-7.)

**DISCUSSION**

The attorney-client privilege shields from disclosure confidential communications made for the purpose of facilitating the rendition of legal services. Neb. Rev. Stat. § 27-503. The work product doctrine, which is broader than the attorney-client privilege, shields from disclosure documents prepared in anticipation of litigation by or for another party or its representative, including the other party's attorneys, consultants, insurers and agents. Fed. R. Civ. P. 26. The test for determining whether a document was prepared in anticipation of litigation is whether, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Simon v. G.D. Searle & Company, 816 F.2d 397, 401 (8th Cir. 1987) (quotation omitted).

**1.    Capacity**

The attorney-client privilege only applies to confidential communications made to facilitate legal services, and does not apply where a lawyer acts as a business advisor. United States v. Horvath, 731 F.2d 557, 561 (8th Cir. 1984). "Where business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." Neuder v. Battelle Pacific Northwest National Laboratory, 194 F.R.D. 289, 292 (D.D.C. 2000). "[C]ommunications by a corporation with its attorney, who at the time is acting solely in his capacity as a business advisor, would not be privileged." Id. (quotation omitted). "The party seeking to assert the privilege must show that the particular communication was part of a request for advice or part of the advice, and that the communication was intended to be and was kept confidential." Marten v. Yellow Freight System, Inc., No. CIV. A. 96-2013-GTV, 1998 WL 13244, *7 (D. Kan. Jan. 6, 1998) (quotation omitted).

The Court previously ordered DBM to submit the documents at issue to the Court for *in camera* review. The Court has carefully reviewed the documents and concludes that they are, in most instances, attorney-client privileged communications. Generally speaking, the documents deal with legal issues that arose during the construction project. The documents reveal that

Stylos was acting in his capacity as DBM's attorney—not risk manager—at the time of the communications, and was included in the correspondence for the purpose of securing and facilitating legal advice.

Additionally, the email communications in which Stylos was only copied pertain to legal advice and, under the circumstances here, remain privileged. *See Hepburn v. Workplace Benefits, LLC*, No. 5:13-cv-441, 2014 WL 12623294, *4 (E.D.N.C. 2014) ("[T]he fact that a corporate attorney is copied on an email, rather than appearing as a direct recipient, is not fatal to a claim of privilege . . . The ultimate question is not how the email is addressed but whether the substance of the communication involves receiving or acting upon legal advice, or otherwise providing information necessary to securing legal advice") (internal citation omitted); *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 404 (8th Cir. 1987) ("Client communications intended to keep the attorney apprised of business matters may be privileged if they embody an implied request for legal advice based thereon") (internal quotation omitted). Therefore, the Court concludes that the documents are, in fact, privileged communications.

### 2. Waiver

Thus, the question now becomes whether DBM waived the attorney-client privilege and work product protection as to the documents by designating Stylos as an expert witness. KP contends that, by naming Stylos as an expert, DBM waived privilege as to documents identified on the privilege log as concerning (1) schedule delay analysis, (2) look ahead schedules, (3) scheduling and tieback installation productivity, (4) ramp issues, (5) dewatering, (6) weather impacts, (7) mass excavation plan, (8) tieback water supply, (9) projected costs and (10) light plant rental. The Court finds that DBM must produce some of these documents.

"[I]t is well established that a party waives the attorney-client and work product privileges whenever it puts an attorney's opinion into issue, by calling the attorney as an expert witness or otherwise." *The Herrick Company, Inc. v. Vetta Sports, Inc.*, No. 94 CIV. 0905, 1998 WL 637468, *1 (S.D.N.Y. Sept. 17, 1998). The waiver is generally limited to information within the scope of the attorney's expert opinion. *See Forever Green Athletic Fields, Inc. v.*

3

*Babcock Law Firm, LLC*, No. CIV.A. 11-633-JJB, 2014 WL 29451, *11 (M.D. La. Jan. 3, 2014) ("[B]y indicating their intent to offer [their attorney's] testimony to prove their alleged desire to avoid personal liability, Plaintiffs have waived the attorney client privilege as to any communications on that subject matter").

Stylos plans to testify regarding "the basis for, explanation of, and his preparation of" DBM's REA. (Filing No. 185-7.) The REA provides a comprehensive overview of the construction project and discusses DBM's work schedule and work delays allegedly caused by certain events, including, but not limited to, anchor installation, ramp problems, defective dewatering efforts, weather shutdowns, poor access conditions, slow rate of excavation and weather delays. (Filing No. 194-4.) It also discusses the impact that the work delays had on DBM's costs and performance.

Here, it appears that some of the documents identified as privileged relate to the subject matter of Stylos' expert opinion, *i.e.*, the REA. These documents contain factual information regarding scheduling problems and delays experienced on the project. Moreover, several of these documents, and the information contained therein, were likely considered by Stylos in forming his expert opinion. DBM contends that privilege has not been waived because Stylos avers he did not rely on any of the documents when preparing the REA. However, "[w]here the expert has acquired information relevant to his opinion, defendants should not be bound by his statement that he did not consider it." *United States v. City of Torrance*, 163 F.R.D. 590, 593 (C.D. Cal. 1995) (quotation omitted). Because the Court's *in camera* review reveals that certain of the withheld documents contain factual information that relates to the subject matter of Stylos' expert testimony, the Court will order that these documents be produced.

Accordingly,

**IT IS ORDERED** that KP's Motion to Compel Production of Documents (Filing No. 183) is granted, in part. DBM shall produce the following documents (as identified on DBM's Privilege Log) within seven (7) days of this order: Doc. Nos. 13, 15, 16, 17, 18, 21, 22, 26, 32, 35, 40 (may redact second paragraph of November 24, 2013 email), 41, 46, 47, 94, 96, 107, 108,

114, 118, 129, 130, 131 (may redact second paragraph of November 24, 2013 email), 137, 167, 170, 173, 175, 185, 186, 187, 198, 199, 201, 202, 206 and 207.

Dated this 25th day of July, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge